UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

GERALD PRIMEAUX, and
DOUGLAS WILLIAMS,

    Defendants.

Case No. CR09-213RSL

ORDER DENYING MOTION FOR
SEVERANCE OF TRIALS

## I. Introduction

This matter comes before the Court on Defendant Douglas Williams' motion (Dkt. #27) requesting that the Court sever his trial from that of his co-defendant Gerald Primeaux. Mr. Williams argues that severance is appropriate because a joint trial would compromise his right to confront adverse witnesses and would prevent the jury from making a reliable judgment regarding the guilt or innocence of each defendant on an individual and independent basis. For the reasons set forth in this Order, the Court DENIES Mr. Williams' motion.

## II. Background

All parties agree that at approximately 3:30 a.m. on March 26, 2009, Roman Roesbery engaged Mr. Primeaux in a fist fight and that at some point during the altercation, Mr. Williams came into possession of a rifle and slammed it into Mr. Roesbery's head. From that point on,

ORDER DENYING MOTION
FOR SEVERANCE OF TRIALS- 1

the government and the respective defendants provide significantly different versions of the events during which Roman Roesbery was seriously injured.

The government contends that Mr. Williams, Mr. Primeaux, and other unnamed individuals subsequently beat Mr. Roesbery with small bats and pieces of the rifle until he broke away from the group. It also claims that Mr. Primeaux and another unidentified individual continued to strike Mr. Roesbery with the bats and rifle pieces after they caught up with him approximately 200 feet down the street.

Mr. Williams told authorities that he took possession of the rifle after Mr. Primeaux struck Mr. Roesbery with it and that he hit Mr. Roesbery in the head with the rifle only after Mr. Primeaux requested assistance. Although Mr. Williams admits that he hit Mr. Roesbery's head with a rifle once and punched Mr. Roesbery in the face twice, he asserts that he disengaged from the fight after he had successfully stopped Mr. Roesbery's assault on Mr. Primeaux. He further claims that Mr. Primeaux, Robert Foolbull, Maurice Kemp, and Ricky McKane were assaulting Mr. Roesbery with their fists and with pieces of the rifle when Mr. Williams walked away.

Mr. Primeaux, on the other hand, told FBI agents that he was not in possession of a rifle at any point on March 26, 2009, and that he was not involved in any altercation with Mr. Roesbery after Mr. Williams broke up the fist fight between himself and Mr. Roesbery. He stated that it was during a subsequent fight between Mr. Williams and Mr. Roesbery that Mr. Williams hit Mr. Roesbery with the rifle and beat him until Mr. Roesbery was unable to get up. He also told authorities that Mr. Foolbull and Mr Kemp were present during the altercations.

### III. Discussion

Because joint trials promote judicial economy and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts," there is a preference in the federal system for defendants who are indicted together to be tried jointly. <u>Zafiro v. U.S.</u>, 506 U.S. 534, 537 (1993). Nonetheless, a defendant can obtain a severance under Rule 14 of the Federal

ORDER DENYING MOTION
FOR SEVERANCE OF TRIALS- 2

1  Rules of Criminal Procedure if he can show that a joint trial would be so manifestly prejudicial
2  that he would be denied a fair trial. U.S. v. Johnson, 297 F.3d 845, 855 (9th Cir. 2002).
3  Specifically, a court should grant a severance only when there is a serious risk that a joint trial
4  would compromise a specific trial right of a joined defendant or would prevent the jury from
5  making a reliable determination of each defendant's guilt or innocence on a independent and
6  individual basis. Zafiro, 506 U.S. at 539.

**A. Confrontation Clause Rights**

Mr. Williams asserts that his trial should be severed from that of Mr. Primeaux's because the admission of Mr. Primeaux's statements to law enforcement officers would compromise his Sixth Amendment right to confront adverse witnesses. Dkt. #27. A defendant's Confrontation Clause rights are violated when a non-testifying co-defendant's "powerfully incriminating extrajudicial statement" is admitted at trial, even if the jury is instructed to consider the statement only against the co-defendant. Bruton v. United States, 391 U.S. 123, 135-36 (1968). Some of Mr. Primeaux's statements to law enforcement expressly implicate Mr. Williams as the primary assailant and as the individual who repeatedly beat Mr. Roesbery with the rifle. These statements cannot be admitted at a joint trial because their admission would violate Mr. Williams' Confrontation Clause rights.

However, with proper limiting instructions, a non-testifying co-defendant's facially incriminating statements to law enforcement may be introduced at a joint trial if they are redacted to eliminate the defendant's name, references to his existence, and any obvious indications that references to the defendant have been deleted. Gray v. Maryland, 523 U.S. 185, 197 (1998). It appears to the Court that both defendants' statements can be redacted so that they comply with Gray. All parties agree that at least four individuals were present when Mr. Roesbery was assaulted, and both the government and Mr. Williams contend that individuals other than the defendants were involved in the assault. In light of these factors, it appears that replacing each defendant's name with a neutral term in facially incriminating

statements that were made by the co-defendant will adequately shield the respective defendant's identity. Therefore, admission of Mr. Primeaux's properly redacted statements, when admitted with proper limiting instructions, will not violate Mr. Williams' Confrontation Clause rights in a joint trial. See Crawford v. Washington, 541 U.S. 36 (2004) (holding that testimonial statements of a witness who did not appear at trial may not be received against the accused unless he is unavailable to testify and defendant had a prior opportunity of cross-examination); U.S. v. Hernandez-Orellana, 539 F.3d 994, 1001 (9th Cir. 2008) (determining that a non-testifying co-defendant's properly redacted statement can be admitted at a joint trial under Crawford). The Court directs the parties to submit redactions in the manner described above.[1]

**B. Mutually Exclusive Defenses**

Mr. Williams also contends that severance is appropriate because the defendants will present mutually exclusive defenses, which will compromise the jury's ability to make a reliable determination regarding the guilt or innocence of each defendant on an individual and independent basis. Dkt. # 27. Mutually antagonistic defenses are not prejudicial *per se.* Zafiro, 506 U.S. at 538. Rather, in order for a severance under Rule 14 to be appropriate, a defendant must prove that competing defenses would amount to manifest prejudice in a joint trial. U.S. v. Johnson, 297 F.3d 845, 858 (9th Cir. 2002). To do so, he must show that "the core of the co-defendant's defense is so irreconcilable with the core of his own defense that the acceptance of the co-defendant's theory by the jury precludes acquittal of the defendant." Id.

---

[1] The government's current proposed redactions of Mr. Primeaux's statements to law enforcement simply replace references to Mr. Williams with obvious blank spaces, which may lead to the improper inference that references to Mr. Williams have been deleted from Mr. Primeaux's statements. Because Mr. Primeaux's statements have been redacted in a manner in which the redactions are so obvious that through ordinary inferences it leads the jury to the defendant, their admission would violate Mr. Williams' Sixth Amendment right to confrontation.

ORDER DENYING MOTION
FOR SEVERANCE OF TRIALS- 4

Even if the risk of prejudice is high, less drastic measures such as limiting instructions are often sufficient to remedy any prejudice that may arise. Zafiro, 506 U.S. at 539.

Mr. Williams asserts that he will argue at trial that "he used only the force necessary to defend Mr. Primeaux against Mr. Roesbery's assault and that, once he succeeded in eliminating the immediate danger to Mr. Primeaux, Mr. Williams stopped fighting." Dkt. # 27. He also states that he anticipates that Mr. Primeaux's defense will be that "his conduct was justified and his role in the conflict was minimal compared to Mr. Williams." Id. Mr. Williams' defense and Mr. Primeaux's anticipated defense may be antagonistic, but they are not irreconcilable or mutually exclusive. Considering that all parties acknowledge that individuals other than the defendants were present during Mr. Roesbery's assault and that both the government and Mr. Williams allege that those individuals participated in the altercation, the jury could reasonably accept either defendant's defense theory without necessarily concluding that his co-defendant is to blame.[2]

## IV. Conclusion

For the foregoing reasons, it is hereby ORDERED that:

1. Defendant Williams' motion to sever is DENIED;

2. The government's proposed redactions are STRICKEN; the parties will propose redactions in accordance with this order.

DATED this 26th day of October, 2009.

*MWT S Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] The Court may revisit this issue at a later date if new developments change the circumstances.

ORDER DENYING MOTION
FOR SEVERANCE OF TRIALS- 5